**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5618-16T3

MELVIN SCHINDELHEIM,

     Plaintiff-Appellant,

v.

YIFEI TIAN,

     Defendant-Respondent.

_____

Argued May 31, 2018 — Decided June 14, 2018

Before Judges Haas and Gooden Brown.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Docket No. L-
3980-15.

John J. Del Casale argued the cause for
appellant (M. Mark Mendel, Ltd, attorney; John
J. Del Casale, on the brief).

George B. Keahey argued the cause for
respondent (Venema, Proko, Keahey & Dalvet,
attorneys; George B. Keahey, on the brief).

PER CURIAM

In this residential sidewalk slip-and-fall case, plaintiff
appeals from the August 7, 2017 Law Division order denying his
motion for reconsideration of the court's June 23, 2017 order

granting defendant's motion for summary judgment, and dismissing plaintiff's complaint. We affirm.

There is no dispute as to the material facts. While walking to his son's house, plaintiff tripped over a broken sidewalk that was adjacent to defendant's residential home, fell on the ground, and injured his shoulder. Defendant had purchased the property about seventeen months earlier, and resided there with her two children. Defendant had never made any repairs to the sidewalk adjacent to her property during the time her family lived there, and she did not create the alleged defect that caused plaintiff's fall.

It is well established, and plaintiff does not dispute, that "absent negligent construction or repair," a residential property owner like defendant "does not owe a duty of care to a pedestrian injured as a result of the condition of the sidewalk abutting the landowner's property." Mohamed v. Iglesia Evangelica Oasis De Salvacion, 424 N.J. Super. 489, 492 (App. Div. 2012) (citing Stewart v. 104 Wallace Street, 87 N.J. 146, 153 (1981)). Accordingly, defendant filed a motion for summary judgment. When plaintiff did not respond, Judge Andrea G. Carter granted the motion and dismissed plaintiff's complaint.

Thereafter, plaintiff's attorney asserted that he had never received defendant's summary judgment motion and, therefore, he

filed a motion for reconsideration on behalf of plaintiff. In an accompanying certification, the attorney acknowledged that under current decisional law, "defendant had no liability for the injuries suffered by . . . plaintiff in this case." However, the attorney stated that had he been able to respond to the defendant's motion, he "would have encouraged [the trial judge] to consider whether the time has come for the [c]ourts of the State of New Jersey to reconsider the[se] holding[s]."

After conducting oral argument, Judge Carter reviewed plaintiff's contention, denied his motion for reconsideration, and kept her summary judgment ruling in place. In a thorough oral opinion, the judge found that defendant was a residential property owner, who owed no duty to plaintiff for the condition of the sidewalk adjacent to her property. Defendant had never engaged in any commercial activity and did nothing to cause the alleged defect in the sidewalk. Therefore, the judge followed the existing precedents and dismissed plaintiff's complaint. This appeal followed.

On appeal, plaintiff argues that the judge erred in denying his motion for reconsideration. He also asserts that New Jersey should recognize for the first time that residential property owners owe a duty of care to pedestrians who walk on sidewalks abutting their homes. Both contentions lack merit.

Although the judge denied plaintiff's motion for reconsideration, she nevertheless permitted plaintiff to contest defendant's motion for summary judgment, and rendered a thoughtful and comprehensive oral decision explaining her decision not to disturb her prior order dismissing plaintiff's complaint. Thus, even if plaintiff did not receive defendant's original motion, he was not prejudiced in any way because he was able to fully respond to it. We are satisfied that the judge did not abuse her discretion by proceeding in this fashion. Cummings v. Bahr, 295 N.J. Super. 374, 389 (App. Div. 1996) (stating that we review the denial of a motion for reconsideration to determine whether the trial court abused its discretionary authority).

As noted above, long-existing precedents clearly establish that a residential property owner like defendant does not owe a duty of care to a pedestrian who slips and falls on a sidewalk adjacent to their property where the owner has not caused the defect in the walkway. Because there was no dispute as to any of the material facts, and defendant was entitled to judgment as a matter of law, Judge Carter properly granted summary judgment to defendant and dismissed plaintiff's complaint. Conley v. Guerrero, 228 N.J. 339, 346 (2017).

As for plaintiff's request that we "overturn" the binding rulings in Stewart and other Supreme Court cases, we note that it

is not the intermediate appellate court's "function to alter [a] rule" squarely decided by the Supreme Court. <u>In re Educ. Ass'n of Passaic</u>, 117 N.J. Super. 255, 261 (App. Div. 1971). Because we are bound by our Supreme Court's precedents, we decline plaintiff's invitation to overturn them. <u>See</u> <u>White v. Twp. of N. Bergen</u>, 77 N.J. 538, 549-50 (1978) (stating that trial and intermediate appellate courts are "bound, under the principle of stare decisis, by formidable precedent" of the Supreme Court).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5618-16T3